**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK T. MILLER, | : | |
| | : | Civil No. 05-4205 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| ALFARO ORTIZ, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    FRANK T. MILLER, Petitioner Pro Se
    # 58406
    East Jersey State Prison
    Rahway, New Jersey 07065

**FAITH S. HOCHBERG, District Judge**

    This matter is before the Court on petitioner FRANK T. MILLER's (hereinafter "Petitioner") application for habeas corpus relief under 28 U.S.C. § 2254 (hereinafter "Petition"). See Docket Entry No. 1. Respondent filed Respondent's answer (hereinafter "Answer"), together with accompanying confidential record (hereinafter "Cra") and non-confidential record (hereinafter "Ra"), urging this Court to deny the Petition and suggesting various grounds for such denial. See Docket Entry Nos. 10 and 12.

For the reasons stated below, the Petition will be denied for failure to make a showing of a federal statutory or constitutional deprivation.[1]

**BACKGROUND**

Petitioner, currently in custody at the East Jersey State Prison in Rahway, New Jersey, pursuant to a state court judgment of conviction, began serving his life sentence in July of 1976. See Ans., Exs. Cra1 and Cra3.  After being so incarcerated, Petitioner had an extensive history of disciplinary infractions, and was adjudicated guilty on numerous charges resulting from these infractions.  See id., Exs. Cra7 and Cra 8.

In 1999, when Petitioner became eligible for parole, see id., Ex. Cra1, a two-member Parole Board Panel (hereinafter "Panel") (a) denied Petitioner parole, and (b) referred Petitioner's case to a three-member Panel (hereinafter "Full Panel"), pursuant to N.J.A.C. 10A:71:3.21(d), for the purposes of establishing Petitioner's future parole eligibility term

---

[1]  Respondent moved this Court to seal certain confidential documents. See Docket Entry No. 12.  Petitioner also filed his motion to appoint counsel and an independent psychologist. See Docket Entry No. 13.  In view of this Court's denial of Petitioner's Petition, Petitioner's motion to appoint counsel and an independent psychologist is denied as moot, and Respondent's motion to seal certain confidential documents in (a) granted for the purposes of the Order accompanying this Opinion; and (b) denied as moot for any other purposes.

2

(hereinafter "FET") outside the presumptive guidelines.  See id., Ex. Cra11.  After meeting with Petitioner on March 8, 2000, the Full Panel issued its September 7, 2000, decision (a) denying Petitioner parole, (b) imposing a twenty-five-year FET, and (c) recommending Petitioner to participate in various rehabilitative and development programs and to refrain from committing further infractions.  See id., Exs. Cra1, Cra4, Cra10 and Cra11.  Petitioner appeal this decision to the Superior Court of New Jersey, Appellate Division, which affirmed the Full Board's decision on February 20, 2003.  See Miller v. New Jersey State Parole Board, A-2653-00T5, decided jointly with A-3373-01T5 (N.J. Super. App. Div. Feb. 23, 2003).

    Following the imposition of Petitioner's FET, Petitioner became eligible for (a) annual reviews, the first of which had to take place within eighteen months of denial of parole to Petitioner, and the following ones being scheduled every twelve months thereafter, pursuant to N.J.A.C. 10A:71-3.21(f), and (b) to discretionary reduction of Petitioner's FET if the Panel determined that Petitioner's progress warranted such reduction. See  N.J.A.C. 10A:71-3.21(f).  Therefore, Petitioner (a) timely received his first review on January 30, 2002, and was granted discretionary reduction of Petitioner's FET in the amount of two months, see Ans., Ex. Ra13, and (b) timely received his next review on February 26, 2004 (hereinafter "Contested Review"), and

3

was granted another discretionary reduction of Petitioner's FET in the amount of two months.  <u>See</u> Ans., Ex. Ra20.

Petitioner, however, being of opinion that, by the time of the Contested Review, there was substantial evidence for the Panel to refer Petitioner's case to the Full Panel for a parole hearing instead of reducing Petitioner's FET by two months, appealed the decision reached as a result of the Contested Review to the Superior Court of New Jersey, Appellate Division, which affirmed the Panel's decision on May 18, 2005, finding that the decision was well warranted in view of the evidence presented. <u>See</u> Ans., Ex. Ra26, Ra27, and Ra, 28, and the Supreme Court of New Jersey denied Petitioner certificate to appeal the Appellate Division's finding on July 18, 2005.  <u>See</u> <u>id.</u>, Ex. Ra22.

On August 25, 2005, Petitioner filed the instant Petition contending that the result of the Contested Review (that is, the determination that Petitioner was eligible for another reduction of Petitioner's FET in the amount of two months rather than for having Petitioner's case referred to the Full Panel for determination as to whether Petitioner should be paroled) was (a) contrary to the evidence examined during the Contested Review, and (b) thus, "violated Petitioner's constitutionally protected right to due process [under the] New Jersey Constitution, N.J.A.C. 10A:71-3.21(f) [and] the Fourteenth Amendment to the United States Constitution."  Pet. at 2.

4

**STANDARD OF REVIEW**

Section 2254(a) of Title 28 of the United States Code grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the Constitution, laws or treaties of the United States. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 2(c)). The petition must "specify all the grounds for relief which are available to the petitioner," and set forth "the facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing Section 2254 Cases.

Significantly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). A federal district

5

court must dismiss a habeas corpus petition, summarily or otherwise, if it does not assert a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[2]  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).  A district court is not permitted to transform a ground asserting a violation of state law into a ground raising a violation of the federal Constitution.[3]  Nor may the court

---

[2] Rule 4(c) provides:  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

[3] See also Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir.), cert. denied, 513 U.S. 881 (1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

consider a federal claim that can be discerned from the facts of the case but is not asserted in the petition as a ground.[4]

Furthermore, in its examination of a claim, a district court must give deference to determinations of state courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002); see also 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence").

Where a federal claim was "adjudicated on the merits" in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application

---

[4] See also Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

> of, clearly established Federal Law, as
> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts *in
> light of the evidence presented in the State
> court proceeding*.

28 U.S.C. § 2254(d) (emphasis supplied).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of the [Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; therefore, an application may be incorrect yet still not unreasonable.  Id. at 409-10.

**DISCUSSION**

As the foregoing standard reveals, Petitioner's claims that allege misapplication of N.J.A.C. 10A:71-3.21(f) or are based on New Jersey Constitution cannot be subject to this Court's § 2254 review, since these matters do not raise a federal claim.  See Estelle, 502 U.S. at 67-68; Engle, 456 U.S. at 120 n.19; Siers, 773 F.2d at 45; Barry, 128 F.3d at 159 (3d Cir. 1997).  Hence, this Court's review is limited solely to the issue whether the Panel's decision to grant Petitioner a two-month reduction of Petitioner's FET instead of referring Petitioner's case to the Full Panel for a parole hearing violated Petitioner's due process rights under the Fourteenth Amendment; and this Court must determine whether the adjudication of this claim in the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).

**A.   Due Process Applicable to Denial of Parole**

While it is well established that there is no federal constitutional right to parole, states may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard

v. Fauver, 47 F. Supp. 2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections. See Williams v. N.J. State Parole Board, 1992 U.S. Dist. LEXIS 2284, at *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); N.J. State Parole Board v. Byrne, 93 N.J. 192, 203, 460 A.2d 103 (1983), aff'd, 91 N.J. 531, 453 A.2d 853 (1992).[5] The question, however, remains what process is due. The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context. We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons. No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211; see also Watson, 933 F.Supp. 390 (prisoner has liberty interest in parole decisions, including notice of

---

[5] These cases remain good law even after taking into account the rule announced in Sandin v. Conner, 515 U.S. 472, 484 (1995), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F.Supp. 390, 392-93 (D.N.J. 1996).

determination, statement by the government, and opportunity for prisoner to submit written response).

**B.   Denial of Parole to Petitioner**

In the case at bar, Petitioner contends that the decision to grant Petitioner two months reduction of his FET instead of referring his case for a parole hearing was not supported by a preponderance of evidence in the record.  See generally, Pet.  The State counters that the decision was amply supported by sufficient credible evidence and was not contrary to law.  See generally, Ans. The Court rejects Petitioner's claims, finding that the decision denying parole hearing and continuing with the reduced FET was objectively reasonable and in accordance with established law and administrative regulations.[6]

---

[6]
Under the Parole Act of 1979, parole eligibility is predicated on likely recidivism alone.  "An adult inmate shall be released on parole . . . unless information supplied in the report filed pursuant to [N.J.S.A. 30:4-123.54] or developed or produced at a hearing . . . indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at such time."  N.J.S.A. 30:4-123.53a (amended 1997).  The standard was revised again in 1997; however, the 1997 amendment does not apply to inmates sentenced before its effective date.  See Trantino v. N.J. State Parole Bd., 331 N.J. Super. 577, 605 (N.J. Super. App. Div. 2000), aff'd in part, modified in part, 166 N.J. 113 (2001).
Pursuant to the Parole Act of 1979, the Parole Board may establish an FET outside the guidelines if the guidelines term "is clearly inappropriate in consideration of the circumstances of the crime, the characteristics and prior criminal record of the inmate and the inmate's institutional behavior." U, 1992 U.S. Dist. LEXIS 2284, 1992 WL 32329, at *5 (D.N.J. Feb. 4, 1992) (citing N.J.S.A.

1. <u>PRESUMPTION OF CORRECTNESS WITH RESPECT TO STATE FINDINGS</u>

In a § 2254 proceeding, state-court determinations of factual issues shall be presumed to be correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Meyers v. Gillis</u>, 93 F.3d 1147, 1149 n.1 (3d Cir. 1996). Also, district courts are not to "second-guess parole boards" on federal habeas review, and the requirements of substantive due process are satisfied if there is some basis for the challenged decision. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 246 (3d Cir. 2002); <u>Coady v. Vaughn</u>, 251 F.3d 480, 487 (3d Cir. 2001). Furthermore, "the relevant level of arbitrariness required in order to find a substantive due process violation involves not

---

§ 30:4-123.56(b); N.J.A.C. § 10A:71-3.21(d)). In N.J.A.C. 10A:71-3.21(d), the Parole Board is required to consider specific enumerated factors in determining whether the presumptive FET term is inappropriate. These enumerated factors are found at N.J.A.C. 10A:71-3.11(b), which lists 23 separate factors to be considered by the Parole Board in determining parole eligibility. N.J.S.A. 30:4-123.53(a) provides that, "An adult inmate shall be released on parole at the time of parole eligibility, unless information supplied in the report . . . or developed or produced at a hearing . . . indicates by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole . . . if released on parole at that time." The rule set forth in N.J.A.C. 10A:71-3.11, listing the factors to be considered in making parole decisions, was adopted to implement this statutory standard. <u>See</u> <u>In re Trantino Parole Application</u>, 89 N.J. 347, 366 (1982). Section 10A: 71-3. 11(b) also permits consideration of "any other factors deemed relevant."

merely action that is unreasonable, but, rather, something more egregious, which [the federal courts] have termed at times 'conscience shocking' or 'deliberately indifferent'." Hunterson, 308 F.3d at 246-47.

### 2. PETITIONER FAILED TO OVERCOME THE PRESUMPTION

At issue here is Petitioner's general contention that the denial of parole and continuation of FET, although reduced by two months, is unsupported by the record. However, it is clear from the record provided that the Panel considered substantial evidence that indicated a high probability of recidivism and that Petitioner would likely violate conditions of parole if released. See Ans., Exs. Ra20 and Ra33.

Section 10A:71-3.11(b) specifically requires consideration of such factors as the commission of a crime while incarcerated; the commission of serious disciplinary infractions; the nature and pattern of previous convictions; adjustment to previous probation, parole and incarceration; the facts and circumstances of the offense, including aggravating factors surrounding the offense; a pattern of less serious disciplinary infractions; participation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration; mental and emotional health; and statements by the

13

inmate reflecting on the likelihood that he or she will commit another crime.

In determining that there was a substantial likelihood that Petitioner would commit a crime if released on parole, the Parole Board relied on Petitioner's prior criminal record of increasingly more serious crimes, his present incarceration on a multi-crime offense, and his earlier commission of serious infractions in prison and failures to address his substance abuse problems.  See Ans., Ex. Ra33.

Based on the record presented,[7] the Court finds that the Board properly weighed the factors outlined in N.J.A.C. 10A:71-3.11(b), including the mitigating factors of Petitioner's participation in institutional programs.  In addition, there is more than a preponderance of the evidence, which included the criminal history summaries and the evaluations, to support the Panel's conclusion that there was a substantial likelihood of Petitioner's recidivism if released on parole, and the Appellate Division duly found that the Panel's decision was based on substantial evidence in the record comporting with the applicable legal principles. See Ans., Ex. Ra26, Ra27, and Ra, 28.

---

[7] The Court carefully reviewed the confidential materials submitted and find that they substantially contributed to the Panel's conclusion that there was a strong likelihood that Petitioner would commit a crime if released on parole.

Since the Appellate Division affirmed substantially for the reasons set forth by the Panel and found that the decision of the Panel comported with state law and was supported by the record, this Court can discern no due process violation in the denial of parole hearing in view of Petitioner's failure to present clear and convincing evidence to rebut the factual determinations of the Panel and the Appellate Division, or to suggest that the Panel or Appellate Division applied an incorrect standard in determining his eligibility for parole. Petitioner's arguments that the Board's decision was arbitrary and unreasonable is, effectively, based on Petitioner's disagreement with the outcome of the Contested Review rather than on a showing that Petitioner's due process rights were violated.  However, the sole fact that Petitioner did not get the parole hearing that Petitioner desired does not mean that Petitioner was deprived of due process.   See, e.g., Coades v. Kane, 1992 U.S. Dist. LEXIS 8844 (E.D. Pa. May 22, 1992) (an inmate was not denied due process merely as because an unfavorable decision was reached by a prison hearing examiner since an unfavorable decision per se is not the same as a denial of due process).

Thus, the Court concludes that the Panel's decision to reduce Petitioner's FET instead of availing Petitioner to a parole hearing was neither based on an unreasonable determination of the facts in light of the evidence presented, nor egregious

enough to "shock the conscience" or constitute arbitrariness in violation of Petitioner's rights.  See Hunterson, 308 F.3d at 247-48.  Therefore, Petitioner's claims have no merit, and his Petition should be dismissed.  See id.

**CERTIFICATE OF APPEALABILITY**

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

16

**CONCLUSION**

Since the State's refusal to apply commutation and work credits to reduce Petitioner's mandatory prison term does not violate Petitioner's rights under the <u>Ex</u> <u>Post</u> <u>Facto</u>, Due Process or Equal Protection Clauses, this Court denies Petitioner's Petition on the merits.  A certificate of appealability will not issue.   An appropriate Order accompanies this Opinion.


                                    /s/ Faith S. Hochberg
                                 **United States District Judge**
Dated:  September 11, 2006